United States District Court
Southern District of Texas
**ENTERED**
December 11, 2020
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LENNIE JACKSON, § § Plaintiff, § § VS. § WELLS FARGO N.A., § § Defendant, § § BL ENTERPRISE LLC, § § Nominal Defendant § | CIVIL ACTION NO. H-20-1172 |

**MEMORANDUM AND ORDER**

**I.  Introduction**

This is one of many cases challenging home foreclosures, but this one has an unusual fact pattern. Lennie Jackson, the plaintiff, was not the home-loan borrower. He does not claim to have purchased the home with a purchase-money mortgage. Instead, he alleges that he obtained a "Special Warranty Deed" from Dorothy Merritt, the property owner, in favor of BL Enterprise, LLC, which Jackson alleges he owns and controls. Dorothy Merritt and her spouse, John Merritt, jointly owned this property until John Merrit's death. The Merritts apparently did not pay amounts due under their mortgage, causing default and foreclosure. Jackson alleges that he had a deed interest in that property. Jackson sued Wells Fargo, alleging that (1) Wells Fargo had served the wrong party in the foreclosure action, (2) Wells Fargo had failed to serve the proper party with notice of the foreclosure process, (3) Wells Fargo recorded a fraudulent foreclosure deed, and (4) Jackson has the right to have the foreclosure order reversed.

In April 2020, Jackson filed a motion for summary judgment. (Docket Entry No. 6). Wells

1

Fargo responded, and in June 2020, the court entered an order denying Jackson's motion for summary judgment. (Docket Entry No. 22).

Jackson moved again for summary judgment, (Docket Entry No. 25), and filed a series of additional motions, many of them duplicative and frivolous.[1] In the motion for summary judgment now before the court, Jackson realleges the difficult-to-follow arguments he raised in his earlier the motion for summary judgment, (Docket Entry No. 6), which the court considered and denied. Jackson's primary argument is that he is not subject to the Home Equity Foreclosure Order entered by the 189th Harris County District Court, because he was not a party to the foreclosure proceeding.

Jackson's argument lacks a basis in law or fact. He raised it in his prior, denied summary judgment motion. Jackson is not a borrower on the loan agreement, and nonborrowers have no right to be included in Rule 736 proceedings or to receive notice of nonjudicial foreclosure notices.

Jackson asserts the interest of the purported grantee of the property, BL Enterprise, a limited liability corporation, but that corporation must be represented by counsel. It is not, and any interest that the grantee may have acquired in this property was subject to Wells Fargo's deed of trust, which was a valid and enforceable encumbrance on the property. Finally, Jackson's request for a writ of mandamus is without basis because this court lacks subject-matter jurisdiction, Jackson failed to

---

[1] Jackson filed motions seeking summary judgment on his claims, (Docket Entry Nos. 33, 36); a declaratory judgment (Docket Entry No. 48); temporary and permanent injunctions (Docket Entry Nos. 51, 52); to quash the court's summons issued to his company, BL Enterprise, and to dismiss BL Enterprise (Docket Entry Nos. 72, 75, 104); to strike Wells Fargo's interrogatories (Docket Entry No. 32, ); to pierce the corporate veil of New Century Mortgage (Docket Entry No. 27); remand of the action to state court (Docket Entry No. 66); judicial notice (Docket Entry Nos. 99, 137, 139, 149); and expedited hearings (Docket Entry Nos. 161, 163); as well as other frivolous motions that are difficult to categorize such as a "motion to strike defendant's pleadings in its entirety" and a motion for a hearing for sanctions against one of Wells Fargo's attorneys based on a meritless fraud claim. (Docket Entry Nos. 106, 110, 140, 142, 144, 150, 158, 173). Wells Fargo moved to strike many of these motions as improper. (Docket Entry Nos. 28, 37, 57, 87). Jackson's repeated, frivolous filings motions violate Rule 11 of the Federal Rules of Civil Procedure (filing frivolous motions and pleadings) and 28 U.S.C. § 1927 (unreasonably and vexatiously multiplying court proceedings). None of Jackson's motions was necessary or helpful to the court in considering the parties' cross-motions for summary judgment. Because Jackson's motions were duplicative, improper, and largely frivolous, they are denied.

comply with Federal Rule of Appellate Procedure 12(a), and he failed to show any ground for relief. A writ of mandamus is not a substitute for the regular appeals process, and will not issue.

Wells Fargo seeks summary judgment that Jackson cannot prevail as a matter of law. The grounds are that: Jackson lacks standing to bring his claims or to challenge the assignment of the loan agreement; nonborrower Jackson had no right to be included in the Rule 736 proceedings or to receive notice of the nonjudicial foreclosure sale; and Wells Fargo had standing to foreclose. (Docket Entry No. 101). Wells Fargo seeks summary judgment that it is entitled to prevail as a matter of law on the grounds that: Wells Fargo had standing to foreclose on the property; Wells Fargo had no duty to provide notice of the foreclosure sale; Jackson lacks standing to challenge the conveyance of the loan agreement; and Wells Fargo legitimately acquired title to the property at the foreclosure sale. (Docket Entry No. 114). Wells Fargo also moves for default judgment against BL Enterprise, the purported grantee. (Docket Entry No. 94).

Each argument is analyzed below.

## II. The Record

### A. The Summary Judgment Evidence

The following evidence is part of the summary judgment record:

- Exhibit A, (Docket Entry No. 101-1), declaration of Nicholas J. Raab, including:

    A-1. Texas Home Equity Fixed/Adjustable Rate Note dated February 22, 2007;

    A-2. Texas Home Equity Security Instrument (First Lien) dated February 22, 2007;

    A-3. Assignment of Deed of Trust/Transfer of Lien dated May 21, 2012;

    A-4. Pooling and Servicing Agreement dated July 1, 2007;

    A-5. Notice of Default dated February 23, 2017;

A-6.   Notice of Default dated February 23, 2017;

A-7.   Notice of Default dated February 23, 2017;

A-8.   Notice of Default dated February 23, 2017;

A-9.   Notice of Acceleration of Maturity dated March 27, 2017;

A-10.  Notice of Acceleration of Maturity dated March 27, 2017;

A-11.  Notice of Acceleration of Maturity dated March 27, 2017;

A-12.  Notice of Acceleration of Maturity dated March 27, 2017;

A-13.  Notice of Acceleration of Maturity sent to BL Enterprise dated March 27, 2017;

A-14.  Application for an Expedited Order in Cause No. 2017-86141 filed on December 29, 2017;

A-15.  Order for Foreclosure in Cause No. 2017-86141 signed on June 29, 2018;

A-16.  Notice of Posting and Sale dated July 13, 2018;

A-17.  Notice of Posting and Sale dated July 13, 2018;

A-18.  Notice of Posting and Sale dated July 13, 2018;

A-19.  Notice of Posting and Sale dated July 13, 2018;

A-20.  Notice of Foreclosure Sale dated July 12, 2018;

A-21.  Notice of Foreclosure Sale sent to BL Enterprise dated July 13, 2018; and

A-22.  Foreclosure Sale Deed dated December 11, 2018.

- Exhibit B, (Docket Entry No. 101-2), declaration of Mark D. Cronenwett, including:

  B-1.   Application for an Expedited Order filed on December 27, 2017;

  B-2.   Lennie Jackson's Motion for Intervention filed on February 1, 2018;

  B-3.   Order for Foreclosure in Cause No. 2017-86141 signed on June 29, 2018;

  B-4.   Lennie Jackson's Motion to Set Aside Order for Foreclosure filed on July 31, 2018;

B-5. Lennie Jackson's Motion for Recusal filed on July 31, 2018;

B-6. Order Denying Motion to Recuse signed by Presiding Judge of 189th District Court on August 15, 2018;

B-7. Order Denying Motion to Recuse signed by Administrative Judge of 11th Administrative Judicial Region on August 24, 2018; and

B-8. Lennie Jackson's Motion for Reconsideration of Order Denying Motion to Recuse filed on August 29, 2018.

### B. The Facts Established by the Record

In February 2007, Dorothy and John Merritt signed a Texas Home Equity Fixed/Adjustable Rate Note in the original principal amount of $77,200.00, payable to New Century Mortgage Corporation and bearing interest at the rate of 8.250% per annum. The Note contains an endorsement in blank signed by "Steve Nagy, V.P./Records Management" for New Century. (Exhibit A-1).

The Merritts also signed a Texas Home Equity Security Instrument (First Lien), granting Mortgage Electronic Registration Systems, Inc., as nominee for New Century and its successors and assigns, a security interest in the Merritts' home, 12631 Drifting Winds Drive, Houston, Texas. The Deed of Trust was recorded in the official Public Records of Harris County, Texas as Instrument No. 20070126000 on March 1, 2007. (*See* Exhibit A-2).

The Loan Agreement and Deed of Trust required the Merritts to pay when due the principal and interest on the debt evidenced by the Note, as well as any applicable charges and fees due under the Note. Failure to timely pay or comply with other covenants and conditions of the Note and Deed of Trust allows the lender to enforce the Deed of Trust, including by selling the property under the applicable law and the loan terms.

In August 2007, New Century transferred the Note and its ownership of the Loan Agreement

to Wells Fargo. This transfer is documented in the blank endorsement to the Note. (Exhibit A-1). Mortgage Electronic Registration Systems later assigned its interest in the Deed of Trust to Wells Fargo Bank in Assignment of Deed of Trust/Transfer of Lien, recorded in the Official Public Records of Harris County, Texas as Instrument No. 201202377794 on May 31, 2012. (Exhibit A-3). SLS has serviced the Loan Agreement on behalf of Wells Fargo from June 2015 to the present. Uncontroverted summary judgment evidence shows that, as Wells Fargo's loan servicer, SLS has had physical possession of the original note as servicer for Wells Fargo since 2015.

The Merritts failed to make the July 2016 payment. In February 2017, after the default continued and was not cured, Wells Fargo, through counsel, sent the Merrits a Notice of Default and Intent to Accelerate. The Notice of Default told the Merritts that their loan was in default due to their failure to pay, that they had to pay the total past due amount of $8,679.31 within 30 days, and that their failure to timely cure the default would result in acceleration of the debt. The default was not cured. (Exhibits A-5, A-6 A-7, A-8).

On March 27, 2017, Wells Fargo, through counsel, sent the Merritts Notice of Acceleration of Maturity. The Notice of Acceleration told the Merritts that the Loan balance had been accelerated. (Exhibits A-9, A-10, A-11 and A-12). The Notice of Acceleration of Maturity was also sent to BL Enterprise. (Exhibit A-13).

In December 2017, Wells Fargo's counsel filed, in Texas state court, an Application for an Expedited Order on a Home Equity Loan under Rule 736. The application sought an order allowing Wells Fargo to proceed with a nonjudicial foreclosure sale of the property. (Exhibit A-14). Jackson participated in the Rule 736 case by moving to intervene, to set aside the order for foreclosure, to recuse the judge, and to have the court reconsider the order denying his motion to recuse. (Exhibits B-2, B-4, B-5 and B-8). The state court entered a Home Equity Foreclosure Order on June 29, 2018. (Exhibit

A-15).

Wells Fargo, through counsel, sent the Merritts a Notice of Posting and Sale in July 2018. The Notice of Sale advised that a nonjudicial foreclosure sale was scheduled to take place on August 7, 2018. (Exhibits A-16, A-17, A-18, A-19). A Notice of Foreclosure was also filed with the Harris County Clerk in July 2018. (Exhibit A-20). In July 2018 Wells Fargo, through counsel also sent the Notice of Foreclosure Sale to BL Enterprise. (Exhibit A-21).

On August 7, 2018, the property was sold at a nonjudicial foreclosure sale to Wells Fargo for $91,958.88. (Exhibit A-22).

### III.     Summary Judgment

#### A.     The Legal Standard

"Summary judgment is appropriate only when 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Shepherd on Behalf of Estate of Shepherd v. City of Shreveport*, 920 F.3d 278, 282–83 (5th Cir. 2019) (quoting Fed. R. Civ. P. 56(a)). "A material fact is one that might affect the outcome of the suit under governing law," and "a fact issue is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Renwick v. PNK Lake Charles, L.L.C.*, 901 F.3d 605, 611 (5th Cir. 2018) (quotations omitted). The moving party "always bears the initial responsibility of informing the district court of the basis for its motion," and identifying the record evidence "which it believes demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

"Where the non-movant bears the burden of proof at trial, 'the movant may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating that there is an issue of material fact warranting trial.'" *Kim v. Hospira, Inc.*, 709 F. App'x 287, 288 (5th Cir. 2018) (alteration omitted) (quoting *Nola Spice Designs, L.L.C. v. Haydel Enters., Inc.*, 783 F.3d 527, 536 (5th

7

Cir. 2015)). The moving party must demonstrate the absence of a genuine issue of material fact, but it need not negate the elements of the nonmovant's case. *See Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 335 (5th Cir. 2017). "If the moving party fails to meet [its] initial burden, the motion must be denied, regardless of the nonmovant's response." *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014) (quoting *Kee v. City of Rowlett*, 247 F.3d 206, 210 (5th Cir. 2001)).

### B. Jackson's Standing

Jackson does not have title to the property. He does not claim to. His position is that that Dorothy Merritt conveyed the title to BL Enterprise. Jackson claims to be the only member of BL Enterprise. (Exhibit B-2 at 1).

When a party is a corporate entity, it must have an attorney. "[T]he 'clear' rule is 'that a corporation as a fictional legal person can only be represented by licensed counsel.'" *Donovan v. Rd. Rangers Country Junction, Inc.*, 736 F.2d 1004, 1005 (5th Cir. 1984) (quoting *K.M.A., Inc. v. General Motors Acceptance Corp.*, 652 F.2d 398, 399 (5th Cir.1982)). Jackson cannot represent BL Enterprise because he is not an attorney. Jackson has been repeatedly informed that BL Enterprise must be represented by counsel in this court. Courts in this district have twice dismissed similar lawsuits Jackson filed against Wells Fargo based on his failure to retain counsel to represent BL Enterprise. *See Jackson v. Wells Fargo Bank, N.A. as Trustee et al.,* No. 4:18-cv-2303 (S.D. Tex. April 12, 2019) (Docket Entry No. 39) (order dismissing Jackson's prior suit based on his failure ; *Jackson v. New Century Mortgage Corp. et al.*, No. H-18-2135, (Docket Entry No. 13), (S.D. Tex. Aug. 20, 2019).

The argument that this is a shareholder derivative suit does not give Jackson standing to sue Wells Fargo. Jackson claims to be the sole member of BL Enterprise; he cannot bring a shareholder derivative suit on its behalf. (Exhibit B-2 at 1). Only a corporation—not its shareholders—can complain of injuries sustained by the corporation. *United States v. Palmer*, 578 F.2d 144, 145–46 (5th Cir. 1978).

The record shows no basis to infer that BL Enterprise cannot file suit, or that some persons in the company are preventing BL Enterprise from filing suit.

Jackson also lacks standing to challenge the assignment of the loan agreement to Wells Fargo. Non-parties to a contract generally do not have standing to challenge the contract, but the obligor on a loan may challenge the assignment as voidable. *See Reinagel v. Deutsche Bank Nat'l Trust Co.*, 735 F.3d 220, 225 (5th Cir. 2013). Jackson was not the obligor on the loan. Nor was he the assignee, an agent, or a third-party beneficiary of the assignment agreement. *See Bittinger v. Wells Fargo Bank NA*, 744 F. Supp. 2d 619, 625- 26 (S.D. Tex. 2010) (citing *Stine v. Stewart*, 80 S.W.3d 586, 589 (Tex. 2002); *MCI Telecomms. Corp. v. Tex. Utils. Elec. Co.*, 995 S.W.2d 647, 651 (Tex. 1999). He has no standing to seek relief.[2]

The lack of standing is enough for summary judgment against Jackson. There are others grounds as well.

### C. Rule 736 Proceedings

In Texas, home equity loans require a court order for the lender to proceed with a nonjudicial foreclosure. TEX. CONST. art. XVI, § 50(a)(6)(D). Texas law does not require nonborrowers to be served with a notice of nonjudicial foreclosure sale. *American Sav. & Loan Ass'n of Houston v. Musick*, 531 S.W.2d 581, 588 (Tex.1975); *see also Ankus, L.L.C v. Wells Fargo Bank, N.A., No.* CV H-19-3365, 2020 WL 1064866, at *3 (S.D. Tex. Mar. 5, 2020).

Rule 736 defines the "respondents" to expedited foreclosure proceedings under Texas Rule of Civil Procedure 736 as: [E]ach person obligated pay the loan agreement, contract, or lien sought to be foreclosed and each mortgagor, if any, of the loan agreement, contract, or lien sought to be foreclosed.

---

[2] Even if Jackson had standing to challenge the assignment, he has advanced no non-frivolous arguments to support his challenge. (*See* Docket Entry No. 106 (conclusory and unsupported allegations about a fraudulent deed)). None of these arguments present any basis for relief.

9

Tex. R. Civ. P. 736(d)(1)(B)(i). Under Rule 736, only the actual borrowers on the home equity loan and the mortgagors on the deed of trust are respondents in a Rule 736 proceeding. Nonborrowers need not be included. *See 1999 McKinney Ave. No. 807 Land Tr. v. HSBC Bank USA, Nat. Ass'n*, No. 3:13-CV-1868-B, 2014 WL 2573896, at *5 (N.D. Tex. June 5, 2014).

The Fifth Circuit has found that the Texas statutory foreclosure requirements are constitutional. *See Daniel v. Ferguson*, 839 F.2d 1124, 1128-29 (5th Cir. 1988). Jackson's claims are without merit under the law that this court must follow.

The record also shows that BL Enterprise was provided with both the Notice of Acceleration and the Notice of Sale. (Exhibits A-13, A-21). Jackson appeared on behalf of BL Enterprise in the expedited Rule 736 foreclosure proceeding. (Exhibit B-2). Neither Jackson nor BL Enterprise has a due process claim.

### D. Wells Fargo's Standing and Purchase

The summary judgment record shows that Wells Fargo had standing to foreclose on the property, and that Wells Fargo followed the procedures for a valid purchase of the property at the foreclosure sale. The "holder" of an instrument is the entity or individual in possession of a negotiable instrument that is payable either to the bearer or to an identified person who is the person in possession. Tex. Bus. & Com. Code § 1.201(b)(21). Transferring the instrument to a holder vests in the holder any right the transferor had to enforce the instrument. Tex. Bus. & Com. Code § 3.203; *Shamburger v. Conoco, Inc.*, 999 S.W.2d 462, 466 (Tex. App. 1999).

Under Texas law and the Texas Property Code, a mortgagee has standing to prosecute a nonjudicial foreclosure sale of the property securing a mortgage loan. *Miller v. Homecoming Financial, LLC*, 881 F. Supp. 2d 825, 828-29 (S.D. Tex. 2012) (citing Tex. Prop. Code Ann § 51.0001(4)). A "mortgagee" is the "grantee, beneficiary, owner, or holder of a security instrument,"

"a book entry system," or "if the security instrument has been assigned of record, the last person to whom the security instrument has been assigned of record." Tex. Prop. Code § 51.0001(4). The undisputed summary judgment evidence shows that the original Note was endorsed in blank and that Wells Fargo, through its servicer, had physical possession of it. (*See* Exhibit A at ¶11; Exhibit A-1). Wells Fargo was a holder with standing to enforce the Deed of Trust. *See Bittinger,* 744 F. Supp. 2d at 625 ("Texas law allows a mortgage note to be enforced by the note owner or holder.").

Wells Fargo was the last assignee of record of the Deed of Trust. (*See* Exhibit A-3). It had standing to foreclose. *See Gilliam v. JPMorgan Chase Bank, N.A.*, No. CV H-18-2698, 2019 WL 2648017, at *5 (S.D. Tex. June 27, 2019) (last assignee of record of the deed of trust has standing to foreclose.). The summary evidence also shows that the property was sold to Wells Fargo at the nonjudicial foreclosure sale. (Exhibit A-22.) There is no genuine factual dispute that Wells Fargo had standing to foreclose the property or that Wells Fargo properly purchased the property at the foreclosure sale. Wells Fargo is entitled to summary judgment on its claims that it acquired title to the property, and that Jackson has no interest in the property.

**D.  Mandamus**

A district court has original jurisdiction under 28 U.S.C. § 1361 to issue writs of mandamus, but federal district courts may only issue writs to compel an officer or employees of the United States or its agency to perform a duty. A federal court cannot generally issue a writ of mandamus enjoining or compelling action by a state court. *Moye v. Clerk, DeKalb Cty. Superior Court*, 474 F.2d 1275, 1276 (5th Cir. 1973). This court lacks the authority and jurisdiction needed to order the relief Jackson seeks. Jackson also did not establish subject-matter jurisdiction under 28 U.S.C. § 1651.

Federal Rule of Appellate Procedure 21(a) sets out the requirements for a party petitioning for a writ of mandamus. Fed. R. App. P. 21. Jackson has also failed to comply with those requirements.

11

He filed his petition to a court with no jurisdiction, failed to include the contents required by the Rule, failed to serve all parties and the court with a copy, and failed to show a basis for this court to act.

Additionally, Federal Rule 21 provides no basis to circumvent the state's exclusive procedure for challenging and order on a Rule 736 application. Texas Rule 736 provides that:

> [A]n order granting or denying the application is not subject to a motion for rehearing, new trial, bill of review, or appeal. Any challenge to a Rule 736 order must be made in a suit filed in a separate, independent, original proceeding in a court of competent jurisdiction.

Tex. R. Civ. P. 736.8 (c). Jackson did not file an independent suit to challenge the foreclosure, as the Rule requires. This is yet another basis for granting summary judgment for Wells Fargo.

**IV.    Default Judgment**

Wells Fargo has also moved for entry of default against BL Enterprise, seeking a declaratory judgment that BL Enterprise has no interest in the property at 12631 Drifting Winds Drive. (Docket Entry No. 94). "A default occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules." *N. Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996) (emphasis omitted). The Fifth Circuit has explained:

> An entry of default is what the clerk enters when the default is established by affidavit or otherwise. After defendant's default has been entered, plaintiff may apply for a judgment based on such default. This is a default judgment.

*Id.* (emphasis omitted) (citing Fed. R. Civ. P. 55(a)).

The court must enter default when a party shows "by affidavit or otherwise" that another party "against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Either the clerk or the court may enter default. *See Pipe Wrap LLC v. P3 Indus. Techs., Inc.,* No. H-08-822, 2009 WL 2915921, at *2 (S.D. Tex. Aug. 31, 2009).

Before default can be entered, the plaintiff must submit evidence supporting that the defendant

12

has been properly served.  *See Hazim v. Schiel & Denver Book Grp.*, No. H-12-1286, 2013 WL 2152109, at *1 (S.D. Tex. May 16, 2013).  Absent proper service, a district court does not have personal jurisdiction over the defendant, and any default judgment is void.  *Recreational Props., Inc. v. Sw. Mortg. Serv. Corp.*, 804 F.2d 311, 314 (5th Cir. 1986).

Wells Fargo has submitted evidence that it served BL Enterprise through the Texas of Secretary State.  The summons, amended answer, counterclaim, and third-party counterclaims were delivered to BL Enterprise at its home office.  (Docket Entry No. 62).  BL Enterprise has not appeared, filed responsive pleadings, or otherwise attempted to defend against the Wells Fargo's pleadings.  Wells Fargo is entitled to an entry of default against BL Enterprise.

**V.     Conclusion**

The court grants the Wells Fargo's motions for summary judgment, (Docket Entry Nos. 101, 114), and denies Jackson's motions for summary judgment, (Docket Entry Nos. 25, 33, 36).  The court also grants Wells Fargo's motion for a judgment of default against BL Enterprise.  (Docket Entry No. 94).  Jackson's many remaining motions are denied.  (Docket Entry Nos. 27, 32, 33, 36, 41, 48, 51, 52, 66, 72, 75, 99, 104, 106, 110, 137, 139, 140, 142, 144, 149, 150, 158, 161, 163, 173).  Wells Fargo's motions to strike are also denied as moot.  (Docket Entry Nos. 28, 37, 57, 87).  Counsel for Wells Fargo is to prepare a proposed final judgment, circulate it to Jackson, and submit it to this court no later than December 16, 2020.

Jackson has flooded the clerk's office and this court with his many motions, most of which were frivolous and duplicative.  His recourse is to appeal, not to file more motions in this court.  Jackson is warned that if he continues to file frivolous motions in this court, sanctions may result, which may include a financial penalty or an order precluding Jackson from filing new cases, motions, or other

court papers, without advance permission from the Chief Judge or her designee.

SIGNED on December 11, 2020, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge