IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LENNIE JACKSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-20-1172 |
| | § | |
| WELLS FARGO N.A., | § | |
| | § | |
| Defendant, | § | |
| | § | |
| BL ENTERPRISE LLC, | § | |
| | § | |
| Nominal Defendant | § | |

**MEMORANDUM AND ORDER**

Lennie Jackson, the plaintiff, moves this court to reconsider its December 11, 2020 memorandum and order, (Docket Entry No. 174), denying his motions for summary judgment; granting summary judgment for the defendant, Wells Fargo; and entering a judgment of default against nominal defendant BL Enterprise. The court declines to do so.

The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration. *See St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997) ("[T]he Federal Rules of Civil Procedure do not recognize a general motion for reconsideration."). A motion that asks the court to change an order or judgment is generally considered a motion to alter or amend under Rule 59(e). *T-M Vacuum Products, Inc. v. TAISC, Inc.*, 2008 U.S. Dist. LEXIS 54248, 2008 WL 2785636 at *2 (S.D. Tex. July 16, 2008). A Rule 59(e) motion "calls into question the correctness of a judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004) (citing *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)). A Rule 59(e) motion "'must clearly establish either a manifest error of law or fact or must present newly discovered

1

evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'" *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863-64 (5th Cir. 2003) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)).  The court has "considerable discretion" in addressing a motion for reconsideration. *Templey*, 367 F.3d at 479.  Changing an order or judgment under Rule 59(e) is an "extraordinary remedy" that courts should use sparingly. *Id.*; *see also* 11 WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE § 2810.1 at 124 (2d ed. 1995).  The Rule 59(e) standard "favors denial of motions to alter or amend a judgment." *S. Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993).  A motion to reconsider may not be used to relitigate matters or to raise arguments or present evidence that could have been raised before the entry of the judgment or order.  11 WRIGHT & MILLER § 2810.1 at 127-28 (footnotes omitted).

This court denied Jackson's motions for summary judgment on two independent grounds: because he lacks standing to pursue claims on behalf of BL Enterprise, the purported grantee, and because, even if he had standing, his claims are utterly without merit.  The motion for reconsideration, (Docket Entry No. 175), is denied.

SIGNED on December 14, 2020, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge