Case 4:20-cv-01172   Document 215   Filed on 02/09/21 in TXSD   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
February 09, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LENNIE JACKSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-20-1172 |
| | § | |
| WELLS FARGO N.A., | § | |
| | § | |
| Defendant, | § | |
| | § | |
| BL ENTERPRISE LLC, | § | |
| | § | |
| Nominal Defendant | § | |

**MEMORANDUM AND ORDER**

This court has entered final judgment against Jackson on his claims, (Docket Entry No. 182), and denied his motion for reconsideration, (Docket Entry No. 178). The court granted summary judgment for Wells Fargo because Jackson lacks standing to pursue his claims and because, even if he had standing, his claims are utterly without merit. (Docket Entry No. 174). The court entered its final judgment on December 17, 2020. (Docket Entry No. 182). Jackson appealed. (Docket Entry No. 176).

Despite his pending appeal, Jackson continued to file baseless and frivolous motions and documents in this court. The court entered a preclusion order barring Jackson from further filings in this case without leave of court. (Docket Entry No. 212). Counsel for Wells Fargo now moves for an emergency temporary restraining order under the All Writs Act, 28 U.S.C. § 1651, barring Jackson from filing a new case in state court based on the same claims that this court has already considered and rejected. (Docket Entry No. 214). The court grants the motion for a temporary restraining order for the reasons set out below.

I.  **Authority under the All Writs Act and Anti-Injunction Act**

   A.  **The All Writs Act**

The All Writs Act provides that "all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651. The All Writs Act is not an independent source of jurisdiction. A court may issue orders under the Act only "as may be necessary or appropriate to effectuate and prevent the frustration of orders it has previously issued in its exercise of jurisdiction otherwise obtained." *Texas v. Real Parties In Interest*, 259 F.3d 387, 392 (5th Cir. 2001) (quoting *United States v. New York Telephone,* 434 U.S. 159, 172 (1977)). Courts construe the Act narrowly and apply it only under "such extraordinary circumstances . . . that indisputably *demand* such a course of action as absolutely necessary to vouchsafe the central integrity of the federal court judgment." *Id.* at 395.

   B.  **The Anti-Injunction Act**

Authority under the All Writs Act is limited by the Anti-Injunction Act, 28 U.S.C. § 2283, which generally bars federal courts from interfering with state-court litigation. The Act provides three exceptions. Courts may issue injunctions that affect state-court proceedings when: (1) the injunction is expressly authorized by Congress; (2) the court is acting in aid of its jurisdiction; or (3) when the court is acting to protect or effectuate its judgments. *See Hill v. Washburne*, 953 F.3d 296, 307-08 (5th Cir. 2020).

Jackson seeks to file a new state-court lawsuit based on claims this court has already decided. The third "relitigation" exception applies. The purpose of the relitigation exception is to "to prevent state litigation of an issue that previously was presented to and decided by the federal court." *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 147 (1988). The test for the relitigation exception is the same test used to determine whether a second lawsuit is precluded by a judgment in an earlier case. *Vasquez*

2

*v. Bridgestone/Firestone, Inc.*, 325 F.3d 665, 675–76 (5th Cir. 2003). The test requires that: (1) parties in the later action are identical to or in privity with the parties in the previous action; (2) the judgment in the previous action was rendered by a court of competent jurisdiction; (3) the previous action was concluded with a final judgment on the merits; and (4) the same claim or cause of action is involved in both suits. *Id.*

Jackson's proposed new Harris County District Court suit falls within the relitigation exception to the Anti-Injunction Act. The plaintiff, Jackson, and the defendants, Wells Fargo and BL Enterprise, were the parties to Jackson's suit in this court. (*Compare* Docket Entry No. 214-1 at A-2 *with* Docket Entry No. 1-1 at 7). This is a court of competent jurisdiction. This suit ended in a final judgment on the merits. (Docket Entry No. 182). Finally, the claims and causes of action Jackson outlines in his proposed new Harris County District Court suit were already decided in this case. In both cases, Jackson seeks to challenge Wells Fargo's August 7, 2018 foreclosure on the basis that a prior mortgagee, New Century Mortgage Corporation, lacked standing to assign the mortgage. (*Compare* Docket Entry No. 214-1 at A-2 *with* Docket Entry No. 1-1 at 7). This court analyzed and rejected that claim.

Jackson's claims are currently on appeal. The Fifth Circuit Court of Appeals has held that district courts are empowered to enter injunctions protecting their final judgments while those judgments remain in force, including when the judgment is appealed. *Woods Expl. & Producing Co. v. Aluminum Co. of Am.*, 438 F.2d 1286, 1315–16 (5th Cir. 1971) (explaining that, even when a final judgment was reversed on appeal, "at the time the trial court entered the injunction it was empowered to do so because there was at that time a final federal judgment on the same causes of action asserted in the state suit, which judgment it could protect by injunction."); *accord Laird v. Integrated Res., Inc*, 897 F.2d 826, 843 (5th Cir. 1990); *see also* Wright & Miller § 4226 (3d ed.) ("No independent basis of

3

jurisdiction is required for a federal court to entertain an application to enjoin relitigation in state court. . . . [T]he jurisdiction that the federal court had when it entered its original judgment is enough to support its issuance of an injunction.").

This court entered a final judgment on Jackson's claims on December 17, 2020, (Docket Entry No. 182), and has the authority to protect that judgment through an injunction despite Jackson's pending appeal.[1]

## II. Temporary Restraining Order Standard

A court may grant a temporary restraining order or preliminary injunction only if the movant shows: "(1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction is not issued, (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4) that the grant of an injunction will not disserve the public interest." *Jones v. Tex. Dep't of Criminal Justice*, 880 F.3d 756, 759 (5th Cir. 2018) (per curiam) (quoting *Byrum v. Landreth*, 566 F.3d 442, 445 (5th Cir. 2009)). The party seeking injunctive relief must meet all four requirements. *Jordan v. Fisher*, 823 F.3d 805, 809 (5th Cir. 2016) (quoting *Bluefield Water Ass'n v. City of Starkville*, 577 F.3d 250, 253 (5th Cir. 2009)). "[A] preliminary injunction is an extraordinary remedy never awarded as of right," and it "does not follow as a matter of course from a plaintiff's showing of a likelihood of success on the merits." *Benisek v. Lamone*, 138 S. Ct. 1942, 1943–44 (2018) (quotation omitted). Wells Fargo has satisfied the success on the merits prong; the court awarded summary judgment for Wells Fargo on all of Jackson's claims in this case.

Wells Fargo has also shown that it will suffer irreparable injury from the new lawsuit, arguing

---

[1] This court found that Jackson's appeal is frivolous (Docket Entry No. 213). But, if the court's judgment is reversed on appeal, the injunction will be voided. *See Woods*, 438 F.2d at 1316.

4

that "it has been forced to expend excessive legal fees defending against Plaintiff's vexatious and frivolous claims, each of which presents a cloud on title when Defendant attempts to market the subject property." (Docket Entry No. 214 at 4). The Fifth Circuit recently found that a district court did not clearly err in finding an irreparable injury when concurrent state-court proceedings would have deprived the plaintiff of the benefit of a settlement agreement and incurred the additional expense of defending the state-court lawsuit. *Hill*, 953 F.3d at 309; *see also Quintero v. Klaveness Ship Lines*, 914 F.2d 717, 720 (5th Cir. 1990) (the district court did not abuse its discretion by granting an injunction to prevent an irreparable injury caused by the cost of relitigating an previously-decided issue in state court).

The injury Wells Fargo asserts is similar. Wells Fargo has already litigated the merits of Jackson's claims in this lawsuit, and responded to numerous frivolous and repetitive filings. It will be irreparably injured if it is subject to another frivolous suit based on the same, rejected, claims.

Third, the balance of the harms favors Wells Fargo. Jackson's claims are both frivolous and foreclosed by preclusion. He has nothing to lose if he is barred from continued pursuit of his meritless claims.

Finally, an injunction will serve the public interest in the enforcement of preclusion, the finality of judgments, and the conservation of judicial resources. *See Procter & Gambel Co. v. Amway Corp.*, 376 F.3d 496, 499 (5th Cir. 2004) ("claim preclusion, or pure *res judicata*, is the venerable legal canon that insures the finality of judgments and thereby conserves judicial resources and protects litigants from multiple lawsuits." (quotation omitted) (alteration omitted)).

### III.   Conclusion

Wells Fargo's emergency motion for a temporary restraining order, (Docket Entry No. 214), is granted.

Lennie Jackson is enjoined from filing any new lawsuit in any court, whether or state or federal, to challenge the ownership or the validity of the August 7, 2018 foreclosure sale of the real property located at 12631 Drifting Winds Drive, Houston, Texas 77044, described as:

LOT TWENTY-ONE (21), IN BLOCK THREE (3) OF PARKWAY FOREST, SECTION ONE (1), AN ADDITION IN HARRIS COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF, RECORDED IN VOLUME 194, PAGE 119 OF THE MAP RECORDS OF HARRIS COUNTY, TEXAS.

SIGNED on February 9, 2021, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge